GUIDRY, Judge.
Plaintiff, The Union Bank (Union), filed suit against defendants on three promissory notes dated April 25,1984, July 25,1984, and August 29, 1984, all secured by collateral mortgage notes and mortgages affecting both movable and immovable property. Union sought judgment for the amounts remaining due on the hand notes and recognition of the privileges granted under mortgages securing the payment of same.
The defendants answered plaintiff’s petition with a general denial and filed a third party demand against Gulfco Life Insurance Company (Gulfco) and a reconventional demand against Union alleging that (a) *46 Union as the agent of Gulfco issued a policy of group credit disability insurance to Kirby Francisco on April 25,1984, which bound Union and Gulfco in solido; (b) on May 17, 1984, Kirby Francisco suffered a work-related injury which rendered him totally disabled; (c) the Franciscos’ demands for payment from Gulfco were to no avail; and, (d) the Franciscos are entitled to full payment of the Union loans by Union and Gulfco plus attorney’s fees.
Union and Gulfco answered generally denying the allegations of the Franciscos’ incidental demands with Gulfco additionally urging that Kirby Francisco’s disability pre-existed or resulted from a condition pre-existing the issuance of the credit insurance policy and was therefore excluded from coverage under the terms of the policy. Union also filed a third party demand against Gulfco for any and all sums Union might be cast for under the reconventional demand.
The trial court rendered judgment in favor of Union and against the Franciscos for the balance due on the notes, with interest, attorney’s fees and costs, and further recognized the validity of the mortgages securing payment of the indebtedness; and, in favor of Union and Gulfco dismissing defendants’ incidental demands.
The Franciscos appealed urging error in the trial court’s conclusion that Kirby Francisco was totally disabled, from previous back injuries, when he purchased the credit insurance policy on April 25, 1984, and/or that Kirby Francisco’s disability resulted from a pre-existing condition. Appellants do not challenge the correctness of the trial court judgment as it relates to the claims of plaintiff, Union Bank.
The Gulfco policy contains the following pertinent exclusion:
“The disability indemnity benefit portion of this policy does not cover any loss caused or resulting from ... (6) preexisting [sic] conditions.”
Appellants contend that on April 25, 1984, when Kirby Francisco obtained the disability insurance from Gulfco, he was in good health and had no disabling pre-exist-ing condition. Rather, appellants aver that on May 17, 1984, while working for Charles Gremillion Construction Company, Kirby suffered a work-related injury to his back and has been continuously disabled as a result of that accident since that date. Gulfco, on the other hand, contends that Francisco was totally disabled prior to and at the time he applied for and obtained the disability insurance, as a result of a series of back injuries he received commencing in the year 1978, and that the prior back injuries are the cause of his present condition.
The record reflects that in 1978, while working for a construction company, Francisco fell from a scaffold and landed on his back atop a pile of bricks sustaining his first back injury. Following that accident, he was unable to return to work for a period of five years. In 1983, he went to work for another construction company, and on his first day at work an oxygen tank fell on him again injuring his back. Sometime later in 1983, he returned to work for yet another construction company. He had worked for about three weeks when a steel beam he was carrying allegedly fell on him once again injuring his back. All three of the foregoing accidents occurred prior to the date of issuance of the Gulfco disability policy; resulted in treatment by a number of doctors; and, workman’s compensation setttlements to Kirby Francisco totalling $105,000.00.
No one physician treated Francisco for any length of time until the patient consulted Dr. Bruce E. Razza in August 1983, which was following his second accident in that year. Dr. Razza has treated appellant on a continuing basis since that time and ultimately performed surgery on Kirby on March 14, 1985. In two letters to appellants’ counsel, which were admitted in evidence, one dated January 3, 1986, and the other dated January 21, 1986, Dr. Razza indicated that Kirby had been under his care since August 9,1983, for treatment of chronic low back pain and other symptoms reportedly the result of the 1978 and 1983 injuries. The January 3rd letter states in pertinent part:
“I examined him [August 9, 1983], ... *47 X-rays demonstrated diminished L5-S1 disc space with degenerative bony changes from L4 to the sacrum.
I felt he had lumbar spondylosis with secondary radiculopathy of the left lower extremity that had been traumatically exacerbated.
I indicated to him on that visit that he would benefit from further testing for evaluation for possible surgical candidacy.
I next saw the patient on July 6th, 1984, after an apparent industrial injury with aggravation of his low back on May 17th, 1984. His condition was essentially unchanged and I recommended further hospitalization and testing for surgery as previously indicated.” (Emphasis ours).
The letter of January 21st reiterates:
“I examined him [August 9, 1983], at which time ... I felt he had lumbar spondylosis with secondary radiculopathy of the left lower extremity that had been traumatically exacerbated. I indicated to him on that visit that he would benefit from further testing for evaluation for possible surgical candidacy. I next saw the patient on July 6, 1984, after an apparent industrial injury with aggravation of his low back on May 17, 1984. His condition was essentially unchanged, and I recommended further hospitalization and testing for surgery as previously indicated.” (Emphasis ours).
Each letter closes:
"... I feel he will have reached maximum benefits from his surgical procedure by March of 1986. I feel that he will have been totally disabled from any gainful employment up until that time and starting from the date on which my treatment began with him on August 9th, 1983_” (Emphasis ours).
The records of Dr. F.P. Bordelon, who was the first physician to see and treat Francisco after the May 1984, accident, indicated Dr. Bordelon suspected a lumbar-sacral sprain and/or strain. Nothing in those records help appellants’ claim as Dr. Bordelon had not seen Kirby before the 1984, accident and did not diagnose or suspect anything inconsistent with Dr. Razza’s findings after the accident.
In his written reasons for judgment, the learned trial judge, in concluding that the disability for which Kirby seeks recovery existed prior to the date when the policy issued, stated:
"... The series of back injuries suffered by Francisco, following his initial injury in 1978, strongly suggest that he never sufficiently recovered from his initial injury to return to work. That view is fortified by the short periods of time he was able to work on each occasion before he apparently reinjured his back. When the opinions of Dr. Razza are added to that background, the only logical conclusion that one can reach is that Francisco was totally disabled from at least August 9,1983, up to March of 1986. This necessarily means that Francisco had a preexisting [sic] back condition which caused him to be totally disabled at the time he purchased the disability insurance from Gulfco. His assertion that the present disability he suffers was caused by the accident on May 17, 1984, is also dispelled by Dr. Razza’s statement that his condition after that accident was essentially unchanged from his condition before the accident. Therefore, by every test available, using Francisco’s own testimony and that of his own doctor, he had a disabling and preexisting [sic] back condition at the time he purchased the disability insurance, and if he now has any disability caused by the injuries to his back, it is the result of the same preexisting [sic] condition.”
We agree with appellants’ argument that where the trial court’s factual conclusions are based on medical records and/or reports, the “manifest error” standard of review is not applicable because, in such cases, the trial court is in no better position to evaluate credibility or resolve conflicts in testimony than is the appellate court. Wattigny v. Breaux, 488 So.2d 419 (La.App. 3rd Cir.1986), and cases cited therein. However, in the present case, as we perceive the record evidence, there are no conflicts to resolve or credibility evaluations to be made. The only conflict is between the *48 self-serving testimony of appellants who claim that Kirby Francisco was not disabled before his May 1984 accident and that of his treating physician who is of the opinion that Francisco’s condition was “unchanged” after the accident of May 17, 1984, and was one of total disability from August 9, 1983 to March of 1986. We discern no clear error in the trial court’s resolution of the issue presented.
Accordingly, for the reasons stated, we affirm the judgment of the trial court. Costs of this appeal are taxed against appellants.
AFFIRMED.